

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN, TEXAS 78711**

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

November 4, 1971

Hon. A. Ross Rommel
Traffic Safety Administrator
Texas Department of Community
    Affairs
P. O. Box 13166, Capitol
    Station
Austin, Texas   78711

Opinion No. M-985

Re:   Applicability of the
      Adult Probation and
      Parole Law to misde-
      meanors and related
      questions regarding
      the conditions that
      may be imposed upon
      the granting of pro-
      bation.

Dear Mr. Rommel:

        You have asked the opinion of this office in con-
nection with the applicability of the Adult Probation and
Parole Law (Article 42.12, Texas Code of Criminal Procedure,
1965) to misdemeanors, and in particular to the offense of
driving while intoxicated, first offense, as defined by
Article 802, Texas Penal Code.

        Your questions are as follows:

        1.   "Does the Adult Probation Law (Art.
             42.12) strictly apply to felony cases
             or can it be construed to apply to
             both felonies and misdemeanors?  The
             Honorable W. A. Morrison in his inter-
             pretative commentary following the
             Adult Probation Law states that the
             new Code eliminated the Suspended Sen-
             tence Law and expanded the Adult Pro-
             bation Law to make it cover all crimes,
             both felonies and misdemeanors."

        2.   "If the Adult Probation Law can apply
             to misdemeanors such as first offense
             DWI, would it be within the scope of
             authority of the judge to direct the
             probation officer to fully investigate
             (including a physical and mental exam-
             ination of the defendant, whenever

-4804-

practicable) and report to the Court in writing the circumstances of the offense criminal record, social history, and present condition of the defendant? In effect, could Sec. 4 of the Adult Probation Law (Art. 42.12) apply to the pre-sentence investigation for a first offense DWI misdemeanor?"

3. "Does the judge under the Misdemeanor Probation Law (Art. 42.13) have the authority to refer a probationer to a treatment center as a condition of probation if, based upon the sufficiency of the evidence presented to the judge prior to sentencing, it appears that such probationer is identified as a problem drinker. Does the judge have the authority to send a probationer (classified as a social drinker) to a driver's education class as a condition of probation under the Misdemeanor Probation Law?"

4. "Is there any discretionary or implied authority under the Misdemeanor Probation Law (Sec. 5, Art. 42.13) which would allow the judge to put as a condition of probation that the probationer undertake treatment at a treatment center (problem drinker), or the attendance at driver's education class (social drinker), thereby promoting rehabilitation of the probationer?"

- - - -

In answering you first question, whether Article 42.12 applies to misdemeanors as well as felonies, it should be noticed that there is no express language in the statute which would limit its terms to felonies or exclude misdemeanors from the operation of the probation provisions of the statute. There can be no applicability of the parole sections of the statute to misdemeanors since parole applies only to prisoners serving in the penitentiary and there can be no penitentiary time assessed in misdemeanor cases. (Article 47, Texas Penal Code).

However, Article 42.13, the Misdemeanor Probation Law, was passed by the Legislature at the same time as Article 42.12 and the two statutes must be read in harmony. The first words of Article 42.13, as contained in Section 1, are:

"All probation in misdemeanor cases shall be granted and administered under this Article."

Accordingly, Article 42.13 governs probation in all misdemeanor cases and Article 42.12 does not have any application to misdemeanors.

- - - -

Your second question asks whether the court, in deciding whether to grant probation in a misdemeanor case, is authorized to order an investigation made into the circumstances of the offense charged, the criminal and social record of the defendant, and his present mental and physical condition, all as provided for in Section 4 of Article 42.12.

Since Article 42.12 does not apply to misdemeanor cases, no investigation can be made under the authority of Section 4 thereof. However, an equivalent investigation can be ordered by the court in considering probation in a misdemeanor conviction. Section 3(d) of Article 42.13 provides:

"When a defendant has applied for probation, the court during the trial of his case must receive competent evidence concerning the defendant's entitlement to probation."

Section 5(b) provides:

"The period and terms of probation shall be designed to prevent recidivism and promote rehabilitation of the probationer."

Together, the foregoing provisions suggest that a court must have sufficient information so as to be able to make the initial decision of probation and then develop suitable conditions of probation to "prevent recidivism and promote rehabilitation."

Accordingly, an investigation of the type provided for in Article 42.12, Section 4, may be ordered by the Court in misdemeanor cases governed by Article 42.13.

- - - -

Your third and fourth questions are directed to the authority of a court in a misdemeanor probation case to require the defendant, as a condition of parole, to submit to a "treatment center" (which treats drinking problems) and/or to attend a driver's education class.

Section 5 of Article 42.13 deals with the conditions and terms of misdemeanor probation and expressly leaves to the court the discretion to place conditions on probation over and above certain express conditions.

As noted above, Section 5(b) directs that the period and terms of a probation "shall be designed to prevent recidivism and promote rehabilitation."

Therefore, a court may require a defendant in a misdemeanor case who receives probation to submit to a treatment center, or take a driver's education course, or both, in the interest or rehabilitating a defendant and preventing him from committing an additional offense of driving while intoxicated.

## S U M M A R Y

Article 42.12, Texas Code of Criminal Procedure (the Adult Probation and Parole Law) is not applicable to misdemeanor cases; rather, probation in misdemeanor cases is governed by Article 42.13. An investigation of the type authorized by Section 4 of Article 42.12 may be ordered by the Court in a misdemeanor case. Enrollment in a treatment center and/or a driver's education class may be made a condition of probation by the court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

Hon. A. Ross Rommel, page 5.    (M-985)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Banks
Gordon Cass
Howard Fender
Sam Jones

SAM MCDANIEL
Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant